STATE OF NORTH CAROLINA v. VINCENT THOMPSON

No. 8014SC1154

(Filed 16 June 1981)

**Criminal Law § 76.7— admissibility of inculpatory statements—reliance on determination made at prior trial**

> The evidence on voir dire and the trial court's findings at defendant's first trial supported the court's order denying defendant's motion to suppress inculpatory in-custody statements, and the trial court at defendant's second trial did not err in finding that the testimony presented on voir dire at the second trial contained no additional evidence which required reconsideration of the order entered at the first trial.

APPEAL by defendant from *Brewer, Judge* and *Godwin, Judge.* Judgment entered 25 July 1980 Superior Court, DURHAM County. Heard in the Court of Appeals 6 April 1981.

Defendant was charged in a proper bill of indictment with armed robbery. The first trial of this case resulted in mistrial. At the conclusion of the second trial defendant was found guilty as charged and sentenced to a term of eight years minimum, twenty years maximum.

*Attorney General Edmisten, by Assistant Attorney General Daniel F. McLawhorn, for the State.*

*Gary K. Berman for defendant appellant.*

HILL, Judge.

Defendant has raised two questions in his brief. The first question, which brings forward assignments of error numbers 1 through 6, raises the issue of whether the trial court erroneously failed to suppress defendant's inculpatory statements.

Prior to the first trial in this matter, defendant filed a motion to suppress inculpatory statements made by him on the day of his arrest. He alleged therein that the statements were not made following a knowing and intelligent waiver of his *Miranda* rights. At the *voir dire* hearing on this motion, Investigator Charles Britt of the Durham Police Department was the sole witness. The State also presented into evidence two Waiver of Rights forms and a written confession signed by defendant. After considering this evidence, Judge Godwin ordered that the motion to suppress defendant's confession be denied. This order was based upon findings of fact and conclusions of law. After a mistrial was declared, defendant's counsel filed a motion suggesting incapacity to proceed. This motion was granted, and defendant was sent to Dorothea Dix Hospital for observation. At the second trial of this matter, defendant again moved to suppress his confession on the basis of the alleged discovery of additional facts pertinent to the issue of whether he made a voluntary, knowing and intelligent waiver of his rights. Judge Brewer held a *voir dire* hearing to consider this matter. After considering testimony from Investigator Britt and the psychiatrist who examined defendant, Judge Brewer denied the motion to suppress. He noted that no additional information had been presented which demanded a reconsideration of Judge Godwin's prior order.

We have examined the evidence in the case offered on both *voir dire* hearings and conclude that the facts found by Judge Godwin are supported by the evidence and amply support the order denying the motion to suppress. At the second trial, after hearing the evidence of Dr. Royal, the psychiatrist who examined defendant at Dorothea Dix Hospital, Judge Brewer entered an order finding that the testimony contained no additional evidence

which required reconsideration of Judge Godwin's order. Our examination of the testimony offered by defendant leads us to the conclusion that Judge Brewer's order was entirely correct. This assignment of error is overruled.

Defendant's remaining assignment of error is to the imposition of judgment. Defendant correctly concedes that it is obvious that this assignment of error is answered by the answer to the question above. This assignment of error is also overruled.

No Error.

Chief Judge MORRIS and Judge MARTIN (Harry C.) concur.